MANATT, PHELPS & PHILLIPS, LLP
ROBERT H. PLATT (Bar No. CA 108533)
rplatt@manatt.com
CARL L. GRUMER (Bar No. CA 066045)
cgrumer@manatt.com
IVAN L. KALLICK (Bar No. CA 097649)
ikallick@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA  90064-1614
Telephone:    (310) 312-4000
Facsimile:    (310) 312-4224

*Attorneys for*
TMC REALTY, LLC

**FILED & ENTERED**

**FEB 05 2019**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** jones    **DEPUTY CLERK**

**CHANGES MADE BY COURT**

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re 8800, LLC<br><br>Debtor and<br>Debtor-in-Possession | Case No. 2:18-bk-17263 RK<br><br>Chapter 11<br><br>**ORDER REQUIRING DEBTOR TO VACATE PREMISES**<br><br>Date: January 30, 2019<br>Time: 11:00 AM<br>Place: Courtroom 1675 |

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

321712516.1

ORDER REQUIRING DEBTOR TO VACATE PREMISES

This matter came on for hearing on January 30, 2019. The Debtor appeared by its counsel, Levene, Neale, Bender, Yoo & Brill, LLP by David B. Golubchik, and TMC Realty, LLC ("TMC") appeared by its counsel, Manatt, Phelps & Phillips, LLP by Carl L. Grumer. Other appearances are as noted in the record. The Court having made and entered its Findings of Fact and Conclusions of Law on Debtor's Motion to Assume Lease [Docket No. 129] and its Order Denying Debtor's Motion to Assume Lease [Docket No. 131], the parties having agreed on the record that the Debtor will vacate the Premises described below not later than the close of business on March 1, 2019, having considered TMC's Notice of Lodgment of Order in Bankruptcy Case re: Order Requiring Debtor to Vacate Premises [Docket No. 137] and Debtor's Objection to Form of Order Requiring Debtor to Vacate Premises in connection with Motion of Debtor to Assume Lease [Docket No. 140], and good cause appearing,

The Debtor, 8800 LLC ("Debtor") is hereby ordered, not later than the close of business on March 1, 2019, to vacate the Premises described below, surrender possession of the Premises to TMC, and deliver to TMC all keys to the premises, or any part thereof, ~~leaving said Premises in good and clean condition, normal wear and tear excepted,~~ not later than the close of business on March 1, 2019. The "Premises" referred to in this Order is a portion of the ground floor of the building ("Building") located at 8800 Sunset Blvd., West Hollywood, CA as depicted on Exhibit "A" attached hereto, comprised of (i) the existing restaurant space (approximately 1,876 usable square feet; (ii) the existing mailroom (approximately 539 usable square feet); (iii) the existing hallway space (approximately 369 usable square feet); (iv) the restaurant expansion space (approximately 681 usable square feet); (v) the Patio Area, generally depicted on Exhibit "A-1" attached hereto; and (vi) the Additional Premises of 144 square ft. comprised of the portion of the first floor of the Building as shown on Exhibit "B" attached hereto.

In the event that the Debtor shall fail to vacate the Premises, surrender possession of the Premises to TMC, and deliver to TMC all keys to the Premises, or any part thereof,

then TMC may apply to the Court *ex parte* for an Order directing the Clerk of the Court to issue a Writ of Possession for the Premises, and may proceed to execute that Writ of Possession by all lawful means. To the extent necessary, the automatic stay imposed by Section 362 of the Bankruptcy Code is lifted to allow TMC to take back possession and control of the Premises, and to enforce the terms of this Order and any Writ of Possession for the Premises.

With respect to Debtor's Objection to the Form of Order Requiring Debtor to Vacate Premises in connection with Motion of Debtor to Assume Lease, the court sustains Debtor's Objection as to the language, "leaving said Premises in good and clean condition, normal wear and tear excepted," because that language is not a requirement of 11 U.S.C. §365(d)(4) requiring the trustee/debtor in possession to "immediately surrender" the leased property to the lessor and otherwise does not reflect the agreement of the parties at the hearing on January 30, 2019. The sustaining of the objection and the striking of this language from the proposed order from Landlord TMC is without prejudice to the assertion of a claim by Landlord TMC based on any failure of Debtor to lease the premises in good and clean condition, normal wear and tear excepted, pursuant to the lease or otherwise under applicable law.

The court overrules Debtor's Objection requesting that the court not enter the proposed order from TMC on grounds that the protections for TMC as the lessor are already provided in the proposed relief from stay orders because granting stay relief itself does not compel immediate surrender as required by 11 U.S.C. §365(d)(4). Landlord TMC would otherwise need to go back to state court for an unlawful detainer order which seems unnecessary in light of the command of 11 U.S.C. §365(d)(4), which states that "the trustee [or debtor in possession under 11 U.S.C. §1107] shall immediate surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease [timely]. . . ." As one leading California bankruptcy treatise has stated, "If a lease of a nonresidential real property where the debtor is the lessee is not timely assumed, and thus is deemed rejected, the trustee/DIP '*shall immediately surrender*' the

property to the lessor. [11 USC §365(d)(4)(emphasis added)] . . . The 'immediate surrender' occurs by operation of law; pursuant to §365(d)(4), the lessor should not have to request a court order for surrender. Indeed, the majority view is that bankruptcy courts have jurisdiction to issue an order compelling the trustee/DIP to surrender the property after termination pursuant to §365(d)(4); and can and should issue the surrender order unless the nature of the debtor's interest is disputed. Further, the bankruptcy court may issue a writ of possession pursuant to its surrender order; and eviction may proceed under the writ, as a matter of federal bankruptcy law, without resort to state unlawful detainer procedures. [See *In re LCO Enterprises* (9th Cir. 1993) 12 F3d 938, 941; *In re Elm Inn, Inc.* (9th Cir. 1991) 942 F2d 630, 634]."

3 March, Ahart and Shapiro, *Rutter Group California Practice Guide: Bankruptcy,* ¶¶16:912-16:913 at 16-52 (2018).

    IT IS SO ORDERED.

###

Date: February 5, 2019

_____
Robert Kwan
United States Bankruptcy Judge